## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

------------------------------------------------x

| | |
|---|---|
| **NANCY A. BAPTISTA, individually and on behalf of all others similarly situated,** | **CA10 - 467 ML** |
| **Plaintiffs,** | |
| | **CIV. NO.** |
| **vs.** | |
| **MUTUAL OF OMAHA INSURANCE COMPANY, UNITED OF OMAHA LIFE INSURANCE COMPANY, and DOES 1 through 100, inclusive,** | **CLASS ACTION COMPLAINT** |
| **Defendants** | |

------------------------------------------------x

1.     Plaintiff Nancy A. Baptista brings this action on behalf of herself and all others similarly situated (the "Plaintiff Class" or "Class"), against Defendants Mutual of Omaha Insurance Company ("MOOIC"), United of Omaha Life Insurance Company ("UOOLIC") and Does 1 through 100, inclusive (the defendants are referred to collectively as "Mutual of Omaha" or "Defendants"), showing the Court the following:

### I.  NATURE OF THE ACTION

2.     This action involves claims brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.* ("ERISA").  The action arises out of Mutual of Omaha's practice of investing death benefits due under ERISA-governed employee benefit plans insured by MOOIC, UOOLIC, and other MOOIC affiliates for Mutual of Omaha's own account without accounting fully to the beneficiaries for the profits that Mutual of Omaha earns through such investments.  Plaintiff asserts this practice violates 29 U.S.C. §1104(a)'s requirement that

plan fiduciaries, such as Mutual of Omaha, discharge their duties with respect to ERISA plans solely in the interests of the plans' participants and beneficiaries, and 29 U.S.C. §1106(b)'s prohibition against plan fiduciaries dealing with plan assets in their own interest or for their own account. Plaintiff brings this action pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), to enjoin the practice and to obtain other appropriate equitable relief to redress Mutual of Omaha's violations of ERISA §§404 and 406, 29 U.S.C. §§1104 and 1106.

## II. PARTIES – JURISDICTION

3.       Plaintiff Nancy Baptista is a citizen of the State of Rhode Island.

4.       Mutual of Omaha Insurance Company is an insurance company that conducts business, through its employees and agents, in Rhode Island, Massachusetts and throughout the United States. Its principal place of business is located at Mutual of Omaha Plaza, Omaha, Nebraska 68175. With respect to the allegations contained *infra*, MOOIC is a fiduciary within the meaning of 29 U.S.C. § 1002 (21)(A), and may be sued pursuant to 29 U.S.C. § 1132(a)(3). It is subject to the jurisdiction of this Court by virtue of 28 U.S.C. § 1331 and 29 U.S.C.§1132(e)(1).

5.       United of Omaha Life Insurance Company ("UOOLIC") is an affiliate of Mutual of Omaha Insurance Company ("MOOIC"). UOOLIC is a life insurance company that conducts business, through its employees and agents, in Rhode Island, Massachusetts and throughout the United States; its principal place of business is located in Omaha, Nebraska. With respect to the allegations contained *infra*, UOOLIC is a fiduciary within the meaning of 29 U.S.C. § 1002 (21)(A), and may be sued pursuant to 29 U.S.C. § 1132(a)(3). It is subject to the jurisdiction of this Court by virtue of 28 U.S.C. § 1331 and 29 U.S.C.§1132(e)(1).

2

6.      Does 1 through 100, inclusive, are affiliates of MOOIC.  Plaintiff is unaware of

the true names or identities of the persons or entitles sued herein as Does 1-100, inclusive.

Plaintiff alleges that each such fictitiously named defendant engaged in the conduct alleged in

this complaint and/or in some manner contributed to the ERISA violations complained of herein.

Plaintiff will amend the complaint to allege the true names and identities of the fictitiously

named defendants once they are discovered.  With respect to the allegations contained *infra*,

Does 1 through 100, inclusive, are fiduciaries within the meaning of 29 U.S.C. § 1002 (21)(A),

and may be sued pursuant to 29 U.S.C. § 1132(a)(3).  Does 1 through 100, inclusive, are subject

to the jurisdiction of this Court by virtue of 28 U.S.C. § 1331 and 29 U.S.C.§1132(e)(1).

7.      Venue is proper under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2).

8.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202 and 29

U.S.C. § 1132(a)(3).

### III. THE TOTAL ACCESS BENEFITS SERVICE ACCOUNT SCHEME

9.      At all times relevant to this action, UOOLIC and other affiliates of MOOIC issued

group life insurance policies to fund ERISA-governed employee welfare benefit plans ("plans"),

including, but not limited to, plans sponsored by Toray Plastics (America), Inc.

10.      The policies issued by UOOLIC and other affiliates of MOOIC to fund ERISA

plans and the benefits payable under those plans are ERISA plan assets.  Plaintiff and the

Plaintiff Class were beneficiaries of such policies and plans.

11.      With respect to death benefits equal to or in excess of a certain threshold due

under the plans, instead of paying the benefits to the beneficiary by tendering a check for the

amount due or otherwise transferring the funds to the beneficiary, UOOLIC informs the

beneficiary (on letterhead emblazoned with the Mutual of Omaha logo and the words "Mutual of Omaha") that "[b]enefits of $_____ are being placed in a Total Access Benefits Service Account. This account features: guaranteed safety, personalized checks, no monthly fees, competitive interest rate [and] easy access to your money[.]"

12.     Although Mutual of Omaha's communications suggest that beneficiaries' benefits have been deposited into a Total Access Benefits Service Account, UOOLIC does not actually deposit any funds into the account. Instead, Mutual of Omaha retains and invests the proceeds for its own account. Only when a beneficiary's "check" is presented for payment from a Total Access Benefits Service Account does Mutual of Omaha deposit a corresponding amount of his or her death benefits into the Total Access Benefits Service Account.

13.     Until a beneficiary draws a check on his or her Total Access Benefits Service Account and the check is paid, Mutual of Omaha retains and uses the funds for its own benefit and not for the exclusive purpose of providing benefits to its beneficiaries.

14.     Mutual of Omaha earns more managing and investing the death benefits owed to the beneficiaries of the ERISA plans that it insures than it pays in interest in connection with the beneficiaries' Total Access Benefits Service Accounts.

15.     Mutual of Omaha acts in a fiduciary capacity when it retains and invests death benefits due to beneficiaries of ERISA plans because such conduct involves the exercise of discretionary authority, responsibility and control in the administration and management of such plans, and the exercise of authority and control respecting the management and disposition of plan assets. 29 U.S.C. § 1002(21)(A).

16.    The profits that Mutual of Omaha earns investing the death benefits of the beneficiaries of the ERISA plans that Mutual of Omaha insures belong to the beneficiaries and not to Mutual of Omaha.

## IV. PLAINTIFF'S TRANSACTIONS

17.    Mario Baptista was a participant in the Toray Plastics (America), Inc., plan insured by UOOLIC and his widow, Nancy Baptista, was the beneficiary of the life insurance benefit provided under the Toray Plastics (America), Inc., Plan.

18.    Mario Baptista died on October 24, 2007.

19.    On or about December 6, 2007, Nancy Baptista submitted a death benefit claim to UOOLIC (copy attached as Exhibit A) in accordance with the terms of the plan and policy.

20.    On information and belief, Nancy Baptista received a death benefit claim allowance letter dated January 10, 2008 that is substantially the same as Exhibit B, a standard transmittal letter used by UOOLIC, printed on letterhead emblazoned with the Mutual of Omaha logo and the words "Mutual of Omaha," that states in pertinent part:

> Benefits of $_____ are being placed in a Total Access Benefits Service Account. This account features: guaranteed safety, personalized checks, no monthly fees, competitive interest rate [and] easy access to your money[.]"

> The State Street Bank and Trust Company, Boston, Massachusetts, will process the checks for this account on behalf of United of Omaha. It is a leading custodian of funds, with proven skills in the administration of financial services, such as the Total Access Benefits Service Account. ...

> You should receive a checkbook for your account with in few

> days. If you do not receive it by then, or if you have any questions

> about your account, please call State Street Bank at their toll free

5

number 1-800-331-4631.

21.     Nancy Baptista received a "Total Access Benefits Service Account Confirmation

Certificate" ("Confirmation Certificate") dated January 10, 2008 (copy attached as <u>Exhibit C</u>),

from UOOLIC and/or its agent, Open Solutions, Inc., bearing the Mutual of Omaha logo and the

words "Mutual of Omaha," advising of the "Account Number, Opening Balance, Current Interest

Rate and Annual Percentage Yield, that states in pertinent part:

> Total Access Benefits Service (TABS) is a program of Mutual of
> Omaha. **Your proceeds and accrued interest under the TABS
> account are paid by Mutual of Omaha Insurance Company.**
>
> If you have any questions about your account, call toll free, 1-800-
> 331-4631, or write to: Mutual of Omaha Insurance Company,
> Service Division, P.O. Box 570, Rockland, MA 02209.  If you
> would like information about the other services offered by Mutual
> of Omaha, contact the office nearest you.
>
> [/s/] Daniel P. Neary
> Chairman of the Board and CEO
> Mutual of Omaha Insurance Company

Confirmation Certificate (emphasis supplied, capitalization in second paragraph altered from

original).

22.     UOOLIC and/or its agent, Open Solutions, Inc., sent a standardized document to

the Plaintiff entitled "Total Access Benefits Service To Help You Understand Your Account"

(copy attached as <u>Exhibit D</u>) in the mailing containing the Confirmation Certificate.  This

document, purporting to help the beneficiary understand the account, provides in pertinent part:

> The proceeds of you policy have been paid to you through a Total
> Access Benefits Service (TABS) account.  You account is
> designed to make things easier for you while you decide what to do
> with your benefit payment.
>
> The enclosed TABS material includes personalized checks that
> permit immediate access to your account.  Also included are a

6

Certificate of Confirmation verifying the payment credited to your TABS account ... and a booklet outlining how TABS works for you.

Since your proceeds earn interest, you have the freedom to

consider your options at your own pace, knowing your proceeds

are safe and totally under your control.

23.     UOOLIC and/or its agent, Open Solutions, Inc., sent the personalized checks (copy of cover and one "check" attached as Exhibit E) in the mailing containing the Confirmation Certificate.

24.     The personalized "checks," Exhibit E, are noteworthy because (a) the booklet cover (i) looks like covers that are associated with personal checking accounts with commercial banks and (ii) in place of a bank name, appear the words "Mutual of Omaha, P.O. Box 570, Rockland, MA 02370-0570," and (b) the personalized "check" bears the Mutual of Omaha logo and the words "United of Omaha" at the top center, in addition to the words "Payable through State Street Bank and Trust Company" in the lower left.  A copy of Ms. Baptista's January 15, 2008 account statement for the Total Access Benefits Service, emanating from Mutual of Omaha, Insurance Services # 717, P.O. Box 570, Rockland, Massachusetts 02370-0570, is attached as Exhibit F.

25.     Neither UOOLIC, MOOIC nor any other Mutual of Omaha affiliate transferred any funds to the Total Access Benefits Service Account when the account was established.

26.     Mutual of Omaha invested the death benefits owed to Plaintiff for its own account and not for the exclusive purpose of providing benefits to Plaintiff and earned more through such investments than the interest that it paid to Plaintiff in connection with her Account.

27.     The profits that Mutual of Omaha earned while investing Plaintiff's death benefits and the Plaintiff Class's benefits in a fiduciary capacity belong to Plaintiff and the Plaintiff Class and not to Mutual of Omaha.

## V.  MUTUAL OF OMAHA'S DUTIES IN CONNECTION WITH THE PLAN

28.     Mutual of Omaha was obligated to discharge its duties with respect to the plans "solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries," 29 U.S.C. § 1104(a)(1)(A)(i), and was prohibited from engaging in transactions prohibited by 29 U.S.C. § 1106, including "deal[ing] with the assets of the plan in [its] own interest or for [its] own account."

29.     To the extent that any language in an ERISA-governed plan or a group life insurance policy insuring such plan purports to authorize Mutual of Omaha to retain and invest benefits payable under the policy or plan for Mutual of Omaha's own account, Mutual of Omaha would be prohibited from doing so because ERISA requires plan fiduciaries to discharge their duties in accordance with a plan's terms only to the extent that its terms are consistent with ERISA, and because the investment of such benefits for Mutual of Omaha's account violates ERISA's fiduciary standards and prohibited transaction rules.

## VI.  PRACTICES COMPLAINED OF

30.     Mutual of Omaha breached its fiduciary duties and engaged in prohibited transactions by using and investing the death benefits due to Plaintiff and the Plaintiff Class for its own account and not for the exclusive purpose of providing benefits to Plaintiff and the Plaintiff Class without fully accounting to Plaintiffs and the Plaintiff Class for the monies it earned through such investments.

31.     Mutual of Omaha has been unjustly enriched in the amount of the profits it has earned through the above-described practices.  Mutual of Omaha holds the profits it has earned through such practices in constructive trust for the benefit of Plaintiff and the Plaintiff Class and should be ordered to account for and disgorge such profits to Plaintiff and the Plaintiff Class.

## VII.  CLASS ALLEGATIONS

32.     Plaintiff brings this action on behalf of a class pursuant to the provisions of Federal Rules of Civil Procedure 23 (a), (b)(1), (b)(2) and/or (b)(3).

33.     The class consists of all persons who satisfy each of the following criteria:

a.     At any time after the date six years immediately preceding the filing of this complaint, and continuing to the present;

b.     They were beneficiaries under ERISA-governed employee welfare benefit plans that were insured by group life insurance policies issued by Mutual of Omaha Insurance Company, United of Omaha Life Insurance Company or any other affiliate of Mutual of Omaha Insurance Company; and

c.     Under which Mutual of Omaha Insurance Company, United of Omaha Life Insurance Company or any other affiliate of Mutual of Omaha Insurance Company "paid" death benefits through the creation of a Total Access Benefits Service Account.

34.     Excluded from the class are Mutual of Omaha Insurance Company, United of Omaha Life Insurance Company and any affiliate of Mutual of Omaha Insurance Company, their directors, officers, employees, parents, affiliates and subsidiaries, their successors, agents, legal representatives, heirs and assigns, and any persons controlled by any excluded person.

35. The class is so numerous that joinder of all members is impractical. The class is composed of more than 10,000 class members.

36. The named Plaintiff's claims are typical of the claims of the Plaintiff Class. All of the claims are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately protect the interests of the class. She is committed to litigating this matter vigorously. Plaintiff has retained counsel experienced in handling class claims involving unlawful insurance and business practices and ERISA violations. Neither Plaintiff nor Plaintiffs' counsel has any interest that might cause them not to pursue this action vigorously.

38. Class certification under Fed. R. Civ. P. 23(b)(1) is appropriate in this action because prosecuting separate actions by or against individual class members would create a risk of either:

    a. inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

    b. adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

39. Class certification under Fed. R. Civ. P. 23(b)(2) is appropriate in this action in that Mutual of Omaha has acted on grounds that are generally applicable to the entire class, thereby making final injunctive relief and other corresponding declaratory and equitable relief

appropriate with respect to the class as a whole.

40.    Class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in this action because there are numerous questions of law and fact which are common to the class and which predominate over any questions affecting individual members of the Class, including, without limitation, the following:

a.    Whether Mutual of Omaha engaged in the practices complained of;

b.    Whether Mutual of Omaha was acting in a fiduciary capacity when it engaged in the practices complained of;

c.    Whether the practices complained of violate 29 U.S.C. § 1104:

d.    Whether the practices complained of violate 29 U.S.C. § 1106;

e.    The amount by which Mutual of Omaha was unjustly enriched through the practices complained of;

f.    The equitable relief appropriate to redress Mutual of Omaha's violations of ERISA, including whether Mutual of Omaha should be ordered to cease the practice and disgorge the profits it has earned through the practice.

41.    Indeed, the only individual question would appear to be the amount of disgorged profits attributable to each class member, a matter which can be determined through use of Defendants' computers and records.

42.    As well, class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in this action because a class action is superior to other available methods for the fair and efficient adjudication of this controversy, in that:

a.     the effect of Defendants' illegal practices on most individual class members is

small, while establishing the illegality of the practices complained of -- violations

of the exclusive benefit rule found in ERISA §404 and the prohibited transaction

rules found in ERISA §406 -- is complex, so that prosecution of individual actions

is impractical or not economically feasible;

b.     by contrast, the illegal profits obtained by Defendants as a result of the unlawful

practices are enormous;

c.     in the absence of the class action device, Plaintiff and class members would be

left without a remedy for the wrongful acts alleged, and Defendants would be

unjustly enriched;

d.     the prosecution of separate lawsuits by individual members of the class would

create the risk of inconsistent adjudications with respect to individual class

members, which would establish incompatible standards of conduct for

Defendants, making concentration of the litigation concerning this matter in this

Court desirable;

e.     no unusual difficulties are likely to be encountered in the management of this

action as a class action.

## VIII. AS AND FOR A FIRST CAUSE OF ACTION
## SOUNDING IN VIOLATIONS OF ERISA

43.     Plaintiff incorporates the above allegations into this cause of action.

44.     By its actions as described herein, Mutual of Omaha violated its fiduciary duty

under 29 U.S.C. § 1104(a) to act solely in the interest of plan participants and beneficiaries and

for the exclusive purpose of providing benefits to participants and their beneficiaries.

12

45.     By its actions as described herein, Mutual of Omaha engaged in transactions prohibited under 29 U.S.C. § 1106(b)(1) by dealing in ERISA plan assets in its own interest and for its own account.

WHEREFORE, Plaintiff requests that the Court grant the following relief in her favor and in favor of the Plaintiff Class and against Mutual of Omaha:

a)     That the Court enter an order certifying the claims of the named Plaintiff and all other persons similarly situated as a class action, and further appointing Plaintiff as the class representative and Plaintiff's counsel as counsel for the Class;

b)     That the Court declare that (i) Mutual of Omaha has violated ERISA; (ii) Mutual of Omaha has been unjustly enriched as a result of its violations of ERISA; (iii) Mutual of Omaha is holding in constructive trust all of the monies that it earned through its violations of ERISA; and (iv) Plaintiff and the Plaintiff Class are entitled to an order directing Mutual of Omaha to disgorge all of the monies that it earned through its unlawful practices;

c)     That the Court order Mutual of Omaha to disgorge all of the illicit monies that it has earned from its illegal acts and thereafter distribute those monies equitably;

d)     That the Court issue appropriate injunctive relief enjoining Mutual of Omaha's violations of ERISA;

e)     That the Court award attorney's fees, expenses, and costs as allowed by law; and

f)      That Plaintiff and the Plaintiff Class have any and all such further relief that this

Court may deem just and proper.

Dated: November 17, 2010

Respectfully submitted,

Jeffrey M. Padwa (#5130)
PADWA LAW
303 Jefferson Blvd.
Warwick, Rhode Island 02888
(401) 921-4800
(401) 921-4805 (fax)
Jeffrey@padwalaw.com

Stephen Linder
LAW OFFICES OF STEPHEN LINDER
155 South Main St., #3
Providence, Rhode Island 02903
(401) 521-6800
(401) 273-5290 (fax)
Radiolaw1@aol.com

John C. Bell, Jr.
BELL & BRIGHAM
457 Greene Street
P.O. Box 1547
Augusta, Georgia 30903-1547
(706) 722-2014
(706) 722-7552 (fax)

Jeffrey G. Casurella
LAW OFFICES OF JEFFREY G. CASURELLA
400 Interstate N. Pkwy. Suite 310
Atlanta, Georgia 30339
(770) 858-1660
(770) 858-1665 (fax)

14

M. Scott Barrett
BARRETT & ASSOCIATES
320 West 8th St., Suite 100
P.O. Box 5233
Bloomington, Indiana 47407-5233
(812) 334-2600
(812) 336-5615 (fax)

**Attorneys for Plaintiffs**

(*Pro Hac Vice* applications to be filed for out of
state counsel)