**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

NANCY A. BAPTISTA, individually and on
behalf of all others similarly situated,
                      Plaintiffs

    v.                                                       C.A. No. 010-467-ML

MUTUAL OF OMAHA INSURANCE
COMPANY, UNITED OF OMAHA LIFE
INSURANCE COMPANY and DOES 1
through 100, inclusive,
                      Defendants

**MEMORANDUM AND ORDER**

This ERISA case, brought on November 17, 2010 on behalf of beneficiaries under certain employee benefit plans insured and administered by the defendants, was approved for class action settlement on March 14, 2012. Baptista v. Mutual of Omaha Ins. Co., C.A. No. 010-467-ML, 2012 WL 896181 (D.R.I. March 14, 2010). In addition to granting final approval of the settlement, the Court granted class counsel's request for reimbursement of actual costs of $10,132.91 incurred through December 31, 2011, and it awarded an incentive award of $2,000 to the named plaintiff for her participation in this litigation.

With respect to attorneys' fees, the Court applied the lodestar approach[1] to determine reasonable compensation of class counsel for the actual work performed in this litigation. The

---

[1]

See e.g. In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 307 (1st Cir. 1995).

1

Court approved attorney's fees of $358,807.75 for work performed through December 31, 2011, together with reimbursement of $10,132.91 for actual costs incurred in the same time period. At that time, class counsel anticipated that they would incur an additional $50,550 in attorney's fees, bringing the total of requested attorneys' fees and costs (under the lodestar approach) to $419,490.66.

For reasons set forth in detail in the Memorandum and Order, the Court approved the requested attorneys' fees supported by affidavits and billing records, but declined class counsel's request to multiply the lodestar figures by applying a 1.55 factor. Baptista v. Mutual of Omaha Ins. Co., 2012 WL 896181 at *5 through *7. The Court also advised class counsel to provide "detailed information for any work performed after January 1, 2012 in bringing this case to completion." Id. at *7.

On March 19, 2012, class counsel submitted supplemental declarations and billing records, requesting an additional $67,062.50 for work performed from January 1, 2012 to March 15, 2012, bringing the total of requested attorneys' fees to $425,870.25. In addition, counsel requested reimbursement of additional expense of $1,901.08 for costs expended in the same time period, bringing the expense total to $12,033.99.

A review of the submitted supplemental time and expense sheets for class counsel indicates that a significant number of the time

entries deal with fee-related work and that counsel, for the most part, applied their considerable hourly rates (ranging from $425 to $525 per hour) to such work. Although time spent on seeking attorneys' fees is generally compensable, it may be compensated at a lower rate. The First Circuit has repeatedly held that "time reasonably expended in connection with fee applications is itself compensable . . . but, since time spent in this exercise often amounts to little more than 'documenting what a lawyer did and why he or she did it,' . . . it may fairly be compensated at a reduced rate." Brewster v. Dukakis, 3 F.3d 488, 494 (1st Cir. 1993)(citing Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978))(quoting Gabriele v. Southworth, 712 F.2d 1505, 1507 (1st Cir. 1983)).

As noted in the March 14, 2012 Memorandum and Order, the instant case was settled within weeks of filing the initial complaint and was concluded without any significant discovery. Baptista at *6. By September 30, 2011, the Court had preliminarily approved the proposed settlement and the notice to the settlement class (Docket #30). By December 31, 2011, class counsel had logged a total of 762 hours in this case, asserting billable rates between $425 and $525 per hour. In light of the foregoing, and in consideration of the First Circuit's holding in Brewster v. Dukakis, the Court finds that, in this case, work related to supporting a request for attorney's fees is reasonably compensated at $200/hour.

3

(1) Barrett and Associates seek compensation for 53.4 hours at $525/hour for attorney's fees and 7.6 hours at $150/hour for work performed by a paralegal. Class counsel assessed 27.5 hours for work on final documents, which includes the brief supporting counsel's application for attorneys' fees. The Court notes that the memorandum in support of the application for attorney's fees was of nearly equal length to the supporting memorandum for final approval of this class action settlement. Therefore, 12 of the 27.5 hours spent on preparing final documents will be compensated at $200 per hour. The request for compensation of paralegal fees is granted in full. Barrett and Associates are awarded attorney's fees of $25,275 (41.4 hours at $525/hour = $21,735 + 12 hours at $200/hour = $2,400, plus $1,140 in paralegal fees).

(2) Jeffrey G. Casurella seeks compensation for 32 hours at $525/hour for attorney fees. The time entries indicate that, of those 32 hours, 22.3 hours relate, at least in part, to researching and editing the fee brief. Therefore, ten of the 22.3 hours will be compensated at $200 per hour. The total amount awarded to this counsel is $13,550 (22 hours at $525/hour = $11,550 + 10 hours at $200/hour = $2,000).

(3) John Bell seeks compensation for 30.6 hours at $525/hour, of which at least 5.5 hours are fee-related, and 2.7 hours at $425/hour for associate counsel, of which at least 1.8 hours are fee-related. Attorney Bell is awarded fees in the amount of

$14,277.50 (25.1 hours at $525 = $13,177.50 + 5.5 hours at $200 = $1,100), plus fees for associate counsel of $ 742.50(0.9 hours at $425 = $382.50 + 1.8 hours at $200 = $360), for a total of $15,020.

(4) Stephen Linder seeks compensation for seven hours of his time at $485/hour and 3.2 hours for paralegal work. Because the time expended on the finalization of this case was reasonable and it appears that any fee-related work was performed by a legal assistant at a rate of $150/hour, the Court grants the request for attorney's fees of $3,875.00.

With respect to reimbursement of additional expenses in the amount of $1,901.08, the Court finds that, upon review of the supporting records, those expenses are reasonable, and they are awarded in full.

## Conclusion

For the reasons stated above, the request for attorney's fees and costs for the period between January 1, 2012 to conclusion of this case is GRANTED as specified herein, and DENIED otherwise; and the motion for reimbursement of expenses for the same time period is GRANTED.

SO ORDERED.

/s/Mary M. Lisi

Mary M. Lisi

Chief United States District Judge
April 3, 2012