UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------x
:
:
NANCY BAPTISTA, individually and :
on behalf of all others similarly situated, :
: Civil Action No. CA 10-467 ML
Plaintiff, :
:
:
v. :
:
MUTUAL OF OMAHA INSURANCE :
COMPANY and UNITED OF OMAHA :
LIFE INSURANCE COMPANY, :
:
Defendants. :
:
---------------------------------------------------x

### FINAL ORDER AND JUDGMENT APPROVING
### SETTLEMENT AND DISMISSING THIS ACTION WITH PREJUDICE

This Lawsuit is a class action brought by Plaintiff Nancy Baptista ("Plaintiff" or "Named Plaintiff"), individually and on behalf of the Class she represents, against Defendants Mutual of Omaha Insurance Company and United of Omaha Life Insurance Company (collectively, "Defendants"). Pursuant to Fed. R. Civ. P. 23(b)(3), a class action was conditionally certified by the Court on September 30, 2011, consisting of all persons listed on the document attached as Exhibit F to the Stipulation of Settlement dated September 28, 2011 (the "Stipulation"), the original of which was filed with the Clerk of the Court (this settlement process hereafter referred to as the "Settlement"), which represents Defendants' best reasonable effort to include all persons satisfying each of the following criteria:

    (a)    They were beneficiaries under ERISA-governed employee welfare benefits plans that were insured by group life insurance policies issued by

Defendants or any Affiliated Entity, under which Defendants or any Affiliated Entity "paid" any death benefits or interest thereon through a TABS Account; and

(b) Had a balance in their TABS Account at any time after November 16, 2004 and before July 1, 2011.

Plaintiff, on behalf of herself and the Settlement Class, and Defendants have agreed to settle this class action suit (the "Lawsuit") on the terms and conditions set forth in the Stipulation. Currently pending is an application for final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e); final certification of the Settlement Class and this action as a class action under Fed. R. Civ. P. 23(b)(3); and the final appointment of Plaintiffs' counsel as Class Counsel under Fed. R. Civ. P. 23(g).

On September 30, 2011, the Court entered an Order Preliminarily Approving Settlement And Approving Notice to the Class, conditionally certifying the proposed Settlement Class and appointing Plaintiff's counsel as Class Counsel, and directing that Notice be given to the Settlement Class Members of the proposed Settlement and of a Fairness Hearing. The Court approved the form and content of the Notice and Opt-Out-of-Settlement Form ("Opt-Out Form") directed to Settlement Class Members, which were attached as Exhibit C to the Stipulation. The Notice informed the Settlement Class Members of the Settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval of the Settlement and finally certify the Settlement Class; (ii) whether the Court should enter final judgment dismissing the Lawsuit with prejudice; (iii) whether the Court should approve the amount of attorneys' fees, costs, and expenses to be awarded to Class Counsel; and (iv) any objections by Class Members to any of the above that are timely and properly served in accordance with the Order Preliminarily Approving Settlement and Proposed Notice to the Settlement Class.

In accordance with the Notice to Class Members, a Fairness Hearing was held on January 20, 2012. No objection(s) to the Settlement were filed with the Court. Nor were any objection(s) to the Settlement made at the Fairness Hearing. Thirty-five (35) Class Members chose to exclude themselves from the Settlement by submitting a timely and valid Opt-Out Form. Twenty (20) of these class members have since requested that their Opt-Out requests be retracted. *See* Affidavit of Christina Peters-Stasiewicz, ¶ 23 (ECF No. 38, January 13, 2012). In addition, six (6) Class Members submitted valid Opt-Out forms in an untimely manner. *Id.* Of those six (6) Class Members, three (3) have since requested that their Opt-Out designation be retracted. *Id.*

The Court, having heard argument in support of the Settlement, certification of the Settlement Class, and appointment of Class Counsel, and having reviewed all of the evidence and other submissions presented with respect to the Settlement and the record of all proceedings in this case, enters the following findings:

1. The Court has jurisdiction over the subject matter and the Parties to this Lawsuit, including the Settlement Class Members.

2. The Court confirms for settlement purposes the certification of this action as a class action and the Settlement Class under Fed. R. Civ. P. 23(b)(3), as was conditionally certified by the Court on September 30, 2011, consisting of all persons, except those who filed a valid and timely request for exclusion, listed on the document attached to the Stipulation as Exhibit F, which represents Defendants' best reasonable effort to include all persons satisfying each of the following criteria:

> (a) They were beneficiaries under ERISA-governed employee welfare benefits plans that were insured by group life insurance policies issued by Defendants or any Affiliated Entity, under which Defendants or any Affiliated Entity "paid" any death benefits or interest thereon through a TABS Account; and

    (b) Had a balance in their TABS Account at any time after November 16, 2004 and before July 1, 2011.

3. The Court finds that Plaintiffs' counsel satisfy the requirements of Rule 23(g). The Court further confirms for settlement purposes the appointment of Plaintiff's counsel as Class Counsel under Fed. R. Civ. P. 23(g).

4. The Stipulation, together with all of its exhibits (as filed with the Court), is incorporated in this Judgment, including the definitions and terms set forth in the Stipulation.

5. During the period October 1, 2011 through November 14, 2011, the Settlement Administrator caused the Notice of Settlement (the "Notice") to be mailed to all Settlement Class Members. On January 13, 2012, an Affidavit from the Settlement Administrator was filed with the Court indicating, *inter alia,* that the mailing of the Notice was sent to the last known addresses of all Settlement Class Members. In addition, a toll-free telephone number with integrated voice response (IVR) and live operators was established to field questions from Settlement Class Members. Finally, a website was created ("www.BaptistaClassSettlement.com") that included general information, answers to frequently asked questions, and a copy of the Notice (in English and Spanish).

6. Notice to the Settlement Class Members has been given in an adequate and sufficient manner and the Notice given constitutes the best notice practicable under the circumstances, and was reasonably calculated to apprise interested parties of the pendency of this Lawsuit, the nature of the claims, the definition of the Settlement Class, and their opportunity to present their objections to the Settlement. The Notice complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.  Prospective Settlement Class Members were given the opportunity to exclude themselves from inclusion in the class through submission of an Opt-Out Form, and fifteen (15) prospective class members, identified in ECF No. 38-4, requested exclusion in a timely manner. In response to the 6,777 individually mailed notices, no Settlement Class Member filed any objection to the Settlement prior to the Fairness Hearing. No objections were presented at the Fairness Hearing.

8.  After considering (i) whether the Settlement was a product of fraud or collusion; (ii) the complexity, expense, and likely duration of the Lawsuit; (iii) the stage of the proceedings and amount of discovery completed; (iv) the factual and legal obstacles to prevailing on the merits; (v) the possible range of recovery; (vi) the respective opinions of the Parties, including Plaintiff, Class Counsel, Defendants, and Defendants' Counsel; and (vii) the objections submitted by Settlement Class Members, the Court finally approves the Settlement including the Plan of Allocation in all respects as fair, reasonable, adequate, and in the best interests of the Settlement Class Members pursuant to Fed. R. Civ. P. 23(e). The terms of the Stipulation, including all Exhibits to the Stipulation and to this Judgment, shall be forever binding on the Settlement Class Members.

9.  The application by Class Counsel for reasonable attorneys' fees is granted in part and denied in part. Plaintiffs' Attorney's Fees in an amount of $ 416,527.75 are hereby found to be reasonable and are awarded to Class Counsel. The application by Class Counsel for reimbursement of $12,033.99 in expenses is granted. Class Counsel shall recover such fees and expenses from the Settlement Fund as and in the manner described in the Stipulation of Settlement. The Court finds said attorneys' fees and expenses to be fair and reasonable compensation and reimbursement in light of the result obtained for the Settlement Class; the risk

of non-recovery or a greatly reduced recovery for individual class members; the quality of Class Counsel's representation; the complexity of the litigation and novelty of some of the issues presented; the skill and experience of opposing counsel; the significant time and resources expended in prosecuting this action; and the percentage-of-the-fund award requested compared to the range of awards granted in similar cases in this District and this Circuit. Additionally, the Court finds that $2,000 should be paid to the named Plaintiff and Class Representative, Nancy A. Baptista, as an incentive award for her efforts in prosecuting this case. The award to Ms. Baptista shall be paid from the "Settlement Fund" as and in the manner described in the Stipulation of Settlement.

10. The Court recognizes that Defendants have denied and continue to deny Plaintiff's and Settlement Class Members' claims. Neither the Settlement, this Judgment, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission of Defendants, or any other person, of any fault, omission, mistake, or liability, nor as evidence of Plaintiff's lack of conviction in the validity or strength of her claims, and shall not be offered as evidence of any claimed liability in this or any other proceeding. Evidence of the Settlement and this Court's Orders approving same shall not be admissible as an admission of liability in the underlying Lawsuit.

It is, therefore, ORDERED, ADJUDGED, AND DECREED that:

1. The Parties shall carry out all the terms of the Settlement, including the payment of the Individual Settlement Benefits by the Plan to the Settlement Class Members in accordance with the terms of the Settlement. The Court finds this allocation of the Net Settlement Benefit to be fair, reasonable, adequate, and in the best interests of the Class Members.

2. Releases:

A.  Each Settling Plaintiff is bound by this Judgment and, as a result of it, has fully, finally, and forever released, acquitted and discharged Settling Defendants and their Affiliated Entities from any and all Settled Claims (the "Release"). As used herein,

> "Settling Plaintiffs" Settling Plaintiffs' means Plaintiff Nancy Baptista and all Settlement Class Members except those, as listed on Exhibit A hereto, who made a valid and timely request for exclusion.
>
> "Settling Defendants" means Defendants Mutual of Omaha Insurance Company and United of Omaha Life Insurance Company.
>
> "Settled Claims" means any and all past and present claims, actions, causes of action, rights or liabilities, known or unknown, based on, arising out of, or in any way relating or pertaining to the Settling Defendants' use of TABS Accounts to settle ERISA-governed death benefit claims of the Settling Plaintiffs, the interest paid on the TABS Accounts, or the investment of funds attributable to the TABS Accounts. Without limitation, the Settled Claims include all claims, actions, rights or causes of action arising under the statutory or common law applicable to Settlement Class Members which were raised or could have been raised in this litigation, including any violations of ERISA or state law, any intentional wrongdoing, any fraud, any breach of fiduciary duty, and any prohibited transactions.
>
> "Affiliated Entities" means (i) any part, subsidiary, affiliate, employee, agent, officer or director of Defendants Mutual of Omaha Insurance Company or United of Omaha Life Insurance Company (for purposes of defining "Affiliated Entities," all individual persons in this clause are collectively referred to as "Affiliated Individuals"); (ii) any trust of which any such Affiliated Individual is a grantor, trustee or beneficiary; (iii) any corporation of which any such Affiliated Individual or entity is a shareholder, or, as applicable, an employee, officer or director; (iv) any partnership or any other unincorporated form of business, or limited liability company in which any such Affiliated Individual or Defendants own an interest; (v) ERISA-governed employee welfare benefits plans that were insured by group life insurance policies issued by Defendants or any Affiliated Entity, under which Defendants or any Affiliated Entity "paid" any death benefits or interest thereon through a TABS Account; and (vi) sponsors of ERISA-governed employee welfare benefits plans that were insured by group life insurance policies issued by Defendants or any Affiliated Entity, under which Defendants or any Affiliated Entity "paid" any death benefits or interest thereon through a TABS Account. Affiliated Entities also means any corporations, business entities, partnerships or other unincorporated forms of business, or limited liability companies which are controlled directly or indirectly by Defendants or Affiliated Individuals, or which are controlling directly or

indirectly by Defendants or the Affiliated Individuals, or which are directly or indirectly under common control with Defendants or the Affiliated Individuals.

B. Settling Plaintiffs, without limitation, are precluded, estopped, and forever barred from bringing or prosecuting in the future any claim or cause of action released in the preceding paragraph and are permanently enjoined from bringing any such claim or cause of action.

C. Settling Plaintiffs acknowledge that they are releasing both known and unknown and suspected and unsuspected claims and causes of action, and are aware that they may hereafter discover legal or equitable claims or remedies presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, including those with respect to the allegations and subject matters in the Lawsuit, or that concern or relate in any way to the sufficiency or correctness of benefits paid from the Plan. It is the intention of Settling Plaintiffs to fully, finally, and forever settle and release all such matters, and all claims and causes of action relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in this Lawsuit).

D. Settling Plaintiffs expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provide that a general release does not extend to claims that a creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. Settling Plaintiffs expressly waive all rights related to the Settled Claims under Section 1542 of the Civil Code of the State of California, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Settling Plaintiffs acknowledge that they may have claims that are covered by the terms of this Settlement that they have not yet discovered. Settling Plaintiffs acknowledge that they intend to release any and all such unknown or unsuspected Settled Claims, and any other known, unknown, or unsuspected claims arising out of Settling Plaintiffs' TABS Accounts. Notwithstanding the choice of law provision in the Settlement, to the extent that California or other law may be applicable and enforceable, Settling Plaintiffs hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here, are hereby knowingly and voluntarily waived and relinquished by Settling Plaintiffs, and Settling Plaintiffs agree and acknowledge that this provision is an essential term of the Settlement and this Release.

  E. Nothing in this Release shall preclude any action to enforce the terms of the Settlement.

  F. This Release may be raised as a complete defense to and will preclude any action or proceeding that is encompassed by the Release. The Settling Plaintiffs and the Settling Defendants intend that the terms of the Release are to be broadly construed in favor of the Settling Defendants .

  3. Except as otherwise provided in the Settlement and this Judgment, Plaintiff and the Settlement Class Members shall take nothing in this Lawsuit and the Court hereby dismisses

the claims of Plaintiff and the Settlement Class Members against Defendants with prejudice and without costs.

4. Class Counsel shall be paid from the Total Settlement Amount attorneys' fees, exclusive of costs and expenses and reimbursement of expenses, the amount indicated in ¶ 9 of my findings, *supra*, to be paid in accordance with the payment terms of the Settlement. Class Counsel shall also be paid from the Total Settlement Amount reimbursement of expenses, the amount indicated in ¶ 9 of my findings, *supra*, to be paid in accordance with the payment terms of the Settlement. In addition, the named Plaintiff and Class Representative, Nancy A. Baptista, shall be paid from the Total Settlement Fund in the amount of $2,000 to be paid in accordance with the payment terms of the Settlement.

5. Pursuant to the Plan of Allocation, the Settlement Administrator shall distribute all unclaimed or unallocated funds, including any check that has not been negotiated within 180 days of issuance, to the United Way of the Midlands, Omaha, NE, as soon as is possible, under the *cy pres* doctrine.

6. Settling Defendants and their Affiliated Entities can and will continue to maintain and administer TABS Accounts, or any other retained asset accounts that were opened prior to the date of this Final Order and Judgment, including the investment of funds, earning and retention of profits on those investments, and paying interest on those funds, as Settling Defendants or their Affiliated Entities see fit.

7. The Court finds that with the mailing of the Class Action Fairness Notice ("CAFA") forms preliminarily approved by the Court as attached to the Stipulation as Exhibit E, the Defendants have complied with the notice requirements of CAFA.

8. Without affecting the finality of this Judgment in any way, this Court will retain continuing jurisdiction over all Parties and Settlement Class Members solely for purposes of enforcing this Judgment and, pursuant to it, the Settlement, and may order any appropriate legal or equitable remedy necessary to enforce the terms of this Judgment and/or the Settlement.

9. This is a final and appealable judgment.

SO ORDERED.

Dated: _April 5_, 2012.

_Mary M. Lisi_
Mary M. Lisi
Chief United States District Judge
District of Rhode Island

**Exhibit A**

Individuals who submitted timely Opt-Out Forms not retracted

1. Lois M. White
2. Celenia Da Cunha
3. Gloria Reyes
4. Valerie C. Siemon
5. Kimberly Phan
6. Michael Albero, Jr.
7. Allison Borghardt
8. Leonard G. Anderson
9. Sandra O'Heir
10. Thelma M. Hill
11. Marilyn S. Hayes
12. Damon D. Turley
13. Gerald R. Siereveld, Sr.
14. Frances A. and Russell W. Corkum
15. Olivia Nelson